No. 4569.

HARRIET A. MILLS *v.* SHERIFF OF EAST FELICIANA and als.

Where it was contended that a mortgage was not recorded until after the passage of the homestead law, and that it was therefore governed by it;

Held—That this is an error. The right was created before the passage of the law, and existed when it was enacted. Subsequent legislation could not destroy it. The mortgage existed independent of its registry. Registry is intended to protect third parties, not parties to the contract.

APPEAL from the Fifth Judicial District Court. *Posey,* J. Jury trial. *McVea & Kilbourne,* for plaintiff and appellee. *H. A. Cross* and *B. R. Forman,* for defendants and appellants.

Justices concurring: Ludeling, Howell, Morgan.

MORGAN, J. The ground upon which the plaintiff obtained her injunction in this case is that the sheriff of the parish of East Feliciana has seized and is about to sell a certain piece of property belonging to her, by virtue of a *fi. fa.,* and an order of seizure and sale directed to him from the Fourth District Court of New Orleans, which property,

she alleges, is her homestead, and is protected from seizure by the homestead law of 1865.

There was a verdict and judgment in her favor and the defendants have appealed.

The property, the sale of which was injoined by plaintiff, was mortgaged to Beard, plaintiff in execution and seizure and sale, on the eighth October, 1865. The homestead law was not passed until the twenty-second of December of that year. Consequently it does not control Beard's right. Rousse v. Caradine, 20 An. p. 244.

It is contended that the mortgage was not recorded until after the passage of the homestead law, and that it is therefore governed by it. In this there is error. The right was created before the passage of the law, and existed when it was enacted. Subsequent legislation could not destroy it. The mortgage existed independent of its registry. Registry is intended to protect third parties—not parties to the contract.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, reversed and annulled, and that the injunction herein issued be dissolved, appellees to pay the costs.

Rehearing refused.